UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUSAN TERRY,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

              v.
                                                              03CV312S

                                                              **Report
                                                              &**
UNUM LIFE INSURANCE COMPANY OF                               **Recommendation**
AMERICA, NATIONAL LIFE INSURANCE
CO.,

                              Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket Nos. 22, 114, 122).  The instant matter before the Court are (1) the motion of former

plaintiff's counsel, E. Peter Pfaff, for recovery of his attorney's fee (on a theory of quantum

meruit), imposition of a charging lien on the file, (2) his motion for the Court's guidance on the

disposition of this file during the pendency of this dispute (Docket No. 115[1], 121[2]), and

plaintiff's (pro se) responding motion to dismiss or to sever and seal (Docket No. 127[3]).

_____

[1]In support of this motion is E. Peter Pfaff's affidavit, with exhibits; memorandum of law,
Docket No. 115; his reply affidavit, with exhibit; and reply memorandum of law, Docket No.
128.
        In opposition, plaintiff initially filed her motion to dismiss or for enlargement of time to
respond, Docket No. 118.  She then filed her pending motion to dismiss and for other relief,
Docket No. 127.

[2]In support of this motion, Pfaff filed his notice of motion, his affidavit, Docket No. 121.

[3]In support of this motion, plaintiff filed her affidavit, Docket No. 127.

**BACKGROUND**

This is a diversity breach of insurance contract action, removed from New York State Supreme Court (Docket No. 1, Notice of Removal).  Plaintiff is a resident of New York (id. at 2, Ex., Summons), but was residing in Florida when she retained Pfaff (Docket No. 115, Pfaff Aff. ¶ 6), but with a post office box in this District (see Docket No. 127, Pl. Notice of Motion).  Pfaff is an attorney licensed to practice in New York and Florida but primarily practices in New York since 1997 (Docket No. 115, Pfaff Aff. ¶ 2).

This case was at the eve of trial when questions concerning plaintiff's representation and the fee for those services arose.  According to Pfaff, plaintiff and her counsel disagreed, particularly during February 2008 (Docket No. 110, Pfaff Affirm. ¶ 1; see also Docket No. 115, Pfaff Aff. ¶ 18), and on April 9, 2008, he received a fax from plaintiff requesting that he procure an adjournment of the final pretrial conference in order for plaintiff to find substitute counsel (Docket No. 115, Pfaff Aff. ¶ 20; Docket No. 110, Pl. motion to adjourn and to withdraw as counsel, Pfaff Affirm. ¶ 2).  On the next day, a status conference was held (Docket No. 111) to discuss the adjournment and withdrawal.  On April 11, 2008, at a follow up conference, District Judge William Skretny granted an adjournment of the trial and granted the request of Pfaff to withdraw from this case, effective upon a notice of appearance by substituting counsel (Docket No. 112).  If plaintiff could not obtain counsel, she would have to prosecute the case pro se (id.). At a subsequent conference on June 24, 2008, the fee issue arose and plaintiff indicated that she would commence fee resolution proceedings before the Bar Association of Erie County (Docket No. 113).  Judge Skretny then referred this fee dispute to the undersigned to issue a Report &

2

Recommendation, with plaintiff's counsel to report on the status of the fee dispute resolution before the Bar Association (Docket No. 114).

Pfaff instead filed his present motion for recovery of his attorney's fee and imposition of a charging lien on the file (Docket No. 115; see also Docket No. 128, Pfaff Reply Aff. ¶ 14 (noting the reason for filing this motion)). Plaintiff responded by moving to dismiss Pfaff's motion or for enlargement of time (Docket No. 118). Judge Skretny initially dismissed both motions as moot in light of the then-pending resolution of the fee dispute before the Bar Association (Docket No. 119). Pfaff then moved to vacate that dismissal Order because the Bar Association dismissed the fee dispute because it lacked jurisdiction to consider it (Docket No. 120). Judge Skretny granted plaintiff's counsel's motion to vacate and reinstated both of counsel's motion for his fee (Docket No. 115) and plaintiff's motion to dismiss or enlarge time (Docket No. 118), and referred both motions to the undersigned (Docket No. 122). Meanwhile, plaintiff's counsel filed another motion seeking guidance regarding plaintiff's case file (Docket No. 121); this last, related motion also is referred to the undersigned.

Regarding plaintiff's counsel's two motions (Docket Nos. 115, 121), responses were due on or before November 28, 2008, with any reply due on or before December 8, 2008, and the motions then were deemed submitted without oral argument on December 8, 2008 (Docket No. 123). That Order also noted that plaintiff's motion (Docket No. 118) was effectively mooted by the end of the Bar Association's proceeding and the time given for responses to this motion (Docket No. 123).

*Pfaff's Motion for Fees and Charging Lien*

Pfaff moves for an award of quantum meruit for services he has rendered for the last three years in this case (Docket No. 115, Pfaff Aff. ¶¶ 2, 5).  He asserts that he charges $250 per hour for non-ERISA disability cases and $300 per hour for ERISA cases (id. ¶ 4).

Plaintiff was represented by another attorney when this case was initially removed, but that counsel moved to withdraw in March 2005 (Docket Nos. 24, 25).  Pfaff filed his notice of appearance in this case on August 5, 2005 (Docket No. 38). On that same day, Pfaff entered into a contingent fee retainer agreement with plaintiff, agreeing to a fee of 40% of the gross amount of her recovery if a recovery was obtained after six months from the date of the retainer agreement (id. Ex.).  The agreement notes that plaintiff was offered an hourly fee arrangement (of $250 per hour) bud declined it (id.).

Pfaff has represented plaintiff for the past three years through dispositive motions (see Docket Nos. 47 (defendants' motion), 54 (plaintiff's motion), 74 (Order denying motions for summary judgment), mediation (see Docket No. 46) and to the eve of trial (see, e.g., Docket No. 90 (plaintiff's trial brief)).  On his quantum meruit theory, Pfaff claims that he has expended over 230 hours in representing the plaintiff; at his standard rate of $250 per hour, his fee would be $36,000 (Docket No. 115, Pfaff. Aff. ¶ 5, Ex. (itemization of services and time)).

After objecting to Pfaff's refusal to recognize plaintiff's right to proceed by fee arbitration to resolve this dispute and objecting to the manner of his service of plaintiff (Docket No. 127, Pl. Aff. ¶¶ 1-12), plaintiff contends that Pfaff has "unclean hands" and thus is not entitled to quantum meruit relief (id. first ¶ 13[4]).  Plaintiff adheres to the terms of her contingent fee

---

[4]This affidavit has two ¶ 13s.

arrangement with Pfaff and refuses to pay an hourly rate for services he has rendered (id. ¶ 15).
Plaintiff also objets to Pfaff's filing his billing records and revealing her client confidences rather
than filing his exhibits under seal, thus she urges that this fee dispute either be severed from this
action or further proceedings be sealed (id. ¶¶ 17-23, see id. ¶ 16).  She also seeks 60 days to
submit evidence (id. at unnumbered page 12, Wherefore Cl.).

Pfaff replies that plaintiff is resorting to jurisdictional arguments that this dispute should
have been heard by the Bar Association of Erie County (Docket No. 128, Pfaff Reply Memo. at
2).  Pfaff contends that plaintiff's arguments that he withdrew from representing plaintiff were
without merit (id. at 3-4, 5-6).  He concludes that the fees sought are not excessive (id. at 4-5).

*Pfaff Motion Regarding File*

Although Pfaff was instructed by the Court to retain plaintiff's file until new counsel
appears in this case, plaintiff and her husband came to Pfaff's office on October 1, 2008,
demanding the file (Docket No. 121, Pfaff Aff. ¶¶ 1, 3, 7; see Docket No. 117).  Pfaff refused to
turn the file over to her, suggesting that the matter be raised at the next status conference in this
case, on October 17, 2008 (id. ¶ 4).  That file consists of five banker's boxes of documents from
Pfaff's three years in this case (id. ¶ 8).  Pfaff states that he is willing to turn the file over to any
attorney plaintiff retains, but not to plaintiff herself (who has stated that she was not capable of
representing herself) (id. ¶¶ 10, 7).  Pfaff claims a charging lien on the file, pursuant to New
York Judiciary Law § 475, and a retaining lien, see Schneider, Kleinick, Weitz, Damashek &
Shoot v. City of N.Y., 302 A.D.2d 183, 186, 754 N.Y.S.2d 220, 223 (1st Dep't 2002) (id. ¶¶ 11,
12).

5

Meanwhile, plaintiff and counsel stipulated to Andrea Schillaci as new counsel (Docket No. 124).  At a status conference before Judge Skretny, Pfaff was ordered to turn over the file to Schillaci's firm, Hurwitz & Fine (Docket No. 126; see also Docket No. 128, Pfaff Memo. at 1, noting that motion is now moot).

## DISCUSSION

I.      Supplemental Jurisdiction and Attorney's Fee Disputes

A preliminary issue is whether this Court has jurisdiction over this fee dispute between plaintiff and her counsel.  The Court is required to inquire into the basis for subject matter jurisdiction even if not raised by the parties.  See 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3739, at 416, 418 (Jurisdiction 3d ed. 1998).  Section 1367 of title 28 of the United States Code provides that in civil actions in which this Court has original jurisdiction, the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a).  That provision excepted civil actions founded solely on diversity jurisdiction, 28 U.S.C. § 1332, where parties added would be inconsistent with the jurisdictional requirements of § 1332, 28 U.S.C. § 1367(b).  Also, this Court may decline to exercise supplemental jurisdiction where (among other reasons) the claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction," id. § 1367(c)(2), (4).  Thus, under this Court's supplemental jurisdiction, the Court may exercise jurisdiction over a fee dispute between a litigant and her counsel, see Harrison Conf. Servs., Inc. v. Dolce Conf. Servs., Inc.,

806 F. Supp. 23, 26 (E.D.N.Y. 1992); <u>see also</u> <u>Garcia v. Teitler</u>, 443 F.3d 202, 206-10 (2d Cir.

2006) (district court could exercise ancillary jurisdiction to resolve attorney fee dispute during

ongoing criminal case, fee dispute held to be properly related to criminal proceeding and court

needed to resolve it in order to preserve defendant's Sixth Amendment rights), provided that (in a

diversity action) the supplemental jurisdiction does not defeat diversity jurisdiction.

 In seeking confidentiality of the fee dispute materials in these motions, plaintiff makes

the point that defendant (not involved in this fee dispute) can now have access to plaintiff's

confidential information through Pfaff's filings in his effort to justify his fee (<u>see</u> Docket

No. 127, Pl. Aff. ¶¶ 17, 20), <u>see also</u> <u>Ficom Int'l v. Israeli Export Inst.</u>, No. 87 Civ. 7461,

1989 U.S. Dist. LEXIS 1368, at *6 (S.D.N.Y. Feb. 10, 1989) (court criticized plaintiff's

withdrawing counsel for serving papers on defense counsel which contain allegations that were

potentially adverse to plaintiff); <u>Harrison Conf. Serv.</u>, <u>supra</u>, 806 F. Supp. at 25.

 Ordinarily this retainer agreement dispute would be resolved in some state court or in

mandatory fee arbitration (as attempted by plaintiff here, <u>cf.</u> Docket No. 128, Pfaff Aff. ¶¶ 18-19,

Ex.).  Plaintiff has subsequently retained new counsel in the main action and that can proceed to

trial.

 In <u>Foster v. Board of Trustees of Butler County Community College</u>, 771 F. Supp. 1118,

1121-22 (D. Kan. 1991), the district court considered whether to exercise ancillary jurisdiction

(what would now be called supplemental jurisdiction[5]) over an attorney's motion to settle a fee

---

 [5]The action was commenced prior to the effective date of the amendment that added
§ 1367 and the court held that this provision was inapplicable, 771 F. Supp. at 1120.  The court
also held that, had that statute applied to this motion, complete diversity of citizenship was
lacking between the two sides in the fee dispute to deprive the court of supplemental jurisdiction,
<u>id.</u>

division dispute arising from a personal injury action. Applying a four element test from the Tenth Circuit, Jenkins v. Weinshienk, 670 F.2d 915, 918 (10th Cir. 1982), for determining whether to exercise ancillary jurisdiction, the court in Foster found that the fee dispute among counsel did not arise from the transaction that gave rise to the litigation, Foster, supra, 771 F. Supp. at 1121, that resolving that dispute would require substantial factfinding, id. If that court did not decide the fee dispute, the court concluded that it would not deprive the parties of any rights (since plaintiff Foster had already entered into a settlement with defendants and had received his share of that fund, id. at 1119) and resolution of that dispute was not needed to protect the integrity of the underlying action, id. at 1122. The Foster court thus declined to exercise ancillary jurisdiction.

Cases where courts have entertained attorney fee disputes involved courts exercising ancillary jurisdiction and their discretion to hear such cases, Pay Television of Greater N.Y., Inc. v. Sheridan, 766 F.2d 92, 94 (2d Cir. 1985); Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 251, 256 (2d Cir. 1988); see also Foster, supra, 771 F. Supp. at 1120-21, 1120.

Similarly, this Court **should decline to exercise supplemental jurisdiction over the plaintiff-Pfaff attorney's fee dispute**. Although supplemental jurisdiction appears to be mandatory, see 28 U.S.C. § 1367(a) (the court "shall have" such jurisdiction), the Court may decline to exercise that jurisdiction, id. § 1367(c), in exceptional circumstances where compelling reasons exist for declining jurisdiction, id. § 1367(c)(4). The Court should not exercise that jurisdiction if it affects original jurisdiction based upon diversity of citizenship, id. § 1367(b).

8

First, this fee dispute is not "so related" to the original action as to "form part of the same case or controversy" to justify extending this Court's supplemental jurisdiction over it.  The contract dispute in the main action is distinct from the attorney's fee dispute for litigating that contract dispute.  Second, it is questionable if the Court otherwise would retain diversity jurisdiction if the plaintiff-Pfaff dispute were included in this case.  Both plaintiff and Pfaff are New York residents (see Docket No. 1, Notice of Removal at 2; Docket No. 115, Pfaff Aff. ¶ 2).  The amount of the fee dispute, $36,000, is below the diversity jurisdiction amount in controversy threshold of $75,000, 28 U.S.C. § 1332(a); see State Farm Mut. Auto. Ins. Co. v. Greater Chiropractic Center Corp., 393 F. Supp. 2d 1317, 1323, 1324 (M.D. Fla. 2005) (claim sought for supplemental jurisdiction must independently meet amount in controversy threshold, denying claims against some defendants that fail to reach amount in controversy threshold, discussing Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005)); but cf. Kaltman-Glassel v. Dooley, 82 Fed. Appx. 244 (2d Cir. 2003) (attorney's counterclaim for fees, which was below amount in controversy, was derived from common nucleus of operative facts from plaintiff's malpractice action to have the court exercise supplemental jurisdiction despite not meeting the amount in controversy requirement).  Only if one named plaintiff meets the amount in controversy standard does § 1367 authorize exercise of supplemental jurisdiction over other plaintiffs in the same case or controversy with less than the amount in controversy, Exxon Mobil, supra, 545 U.S. 546 (allows such claims of plaintiffs joined under Federal Rule of Civil Procedure 20).  The question then becomes whether the fee dispute of the plaintiff's attorney is the same case or controversy as the legal action prosecuted by that attorney or whether there is a common nucleus of operative facts between both the action and the fee dispute.  The underlying

contract action between plaintiff and defendants here is not the same case or controversy as is her fee dispute with her former attorney; the only common fact is the fact that plaintiff retained Pfaff to prosecute the contract action.  So the <u>Exxon Mobil</u> holding, that at least one plaintiff with a claim exceeding the amount in controversy allows supplemental jurisdiction over other claims (even if less than that threshold amount), does not apply where the claims are distinct. Furthermore, the claims do not arise from the same case or controversy so as to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a), distinguishing this case from <u>Kaltman-Glassel v. Dooley</u>, <u>supra</u>, 82 Fed. Appx. 244, where a common nucleus of facts existed between the legal malpractice action and the counterclaim for fees.

Third, the ancillary jurisdiction factors used by the <u>Foster</u> court also suggest that this Court should not exercise supplemental jurisdiction over this fee dispute.  As in <u>Foster</u>, <u>supra</u>, 771 F. Supp. at 1121, the fee dispute here does not arise from the underlying transaction, plaintiff's contractual dispute with defendants.  Rather, that fee dispute arises from her prosecution of her contract action.  Next, the Court would need substantial factfinding to determine whether Pfaff performed the services he claimed and whether the rate he claims for the services rendered is appropriate, as well as the facts leading to the termination of his professional services and his entitlement to quantum meruit relief, <u>id.</u>  This inquiry, even with sealing or severance from the original action (as suggested by plaintiff), exposes plaintiff's confidences unrelated to prosecution of the underlying action–in fact potentially hindering that prosecution–especially if plaintiff files documents to refute Pfaff's billing records which may

detail plaintiff's position and strategy in prosecuting the underlying action[6].  The Court's failure

to decide this plaintiff-Pfaff fee dispute will not deprive plaintiff or defendants of their rights in

the pending main action, and, resolution of this dispute is not needed to protect the integrity of

the underlying action, id. at 1122.  At first, this Court considered that resolution of the fee

dispute was necessary because plaintiff imminently faced going to trial with an open question

regarding her representation with now former counsel retaining her file.  But, as these motions

were pending, plaintiff has obtained new counsel and the case file with Pfaff has been turned

over to that counsel (see Docket No. 126; see also Docket No. 128, Pfaff Reply Memo. at 1).

The urgency of this Court deciding this separate fee dispute has dissipated.  Thus, the issue of

Pfaff's fee can be resolved separately from this case and in another forum.

        Fourth, the fee dispute raises a question (not addressed by plaintiff proceeding pro se, cf.

Docket No. 115, Pfaff Memo at 1; Docket No. 128, Pfaff Reply Aff. ¶ 1 (alleging that plaintiff is

an attorney)) of choice of law.  Pfaff is an attorney licenced to practice in New York and Florida

(Docket No. 115, Pfaff Aff. ¶¶ 3, 4).  Plaintiff was living in Florida when she first contacted

Pfaff (id. ¶ 6), although she was a New York resident when she commenced this action (see

Docket No. 1, Notice of Removal).  The retainer agreement (Docket No. 115, Pfaff. Aff., Ex.) is

on Pfaff's firm letterhead, with an address of East Aurora, New York.  That retainer did not

specify what jurisdiction's law would apply.  Pfaff now argues that New York law governs his

attorney's fee claim (Docket No. 115, Pfaff Memo. at 1), which plaintiff does not dispute (cf.

Docket No. 127, Pl. Aff. ¶ 1st 13, ¶ 2d 13, ¶ 16 (citing New York law and ethical guidelines)).

---

        [6]Pfaff took some care in presenting his billing statement in support of his motion to avoid
revealing extensive confidences, see Docket No. 115, Ex. (Pfaff itemization of time), consisting
of general entries of services rendered and the amount of time expended on this action.

In this removed diversity action, this Court initially must apply the substantive law of our forum state (New York), see Erie R.R. v. Tompkins, 304 U.S. 64 (1938), including its choice of law regime, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941), to determine the applicable substantive common law.  Under New York's grouping of contacts approach to choice of law issues in contract cases, see Matter of Allstate Ins. Co. (Stolarz), 81 N.Y.2d 219, 597 N.Y.S.2d 902 (1993); Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir.) (citation omitted), cert. denied, 522 U.S. 864 (1997); see also Restatement (Second) of Conflicts § 188(2), the Court would have to look for the most significant relationships to the parties and the transaction by taking certain contacts into account in determining which law applies, mainly the place of contracting, the place of negotiating, the place of performance, the location of the subject matter, and the domicile of the parties.  Most of those contacts appear to be in New York, since the retainer arises from representing plaintiff in an action pending in that state.  Rather than attempt to resolve this issue, this Court should leave it (and the fee dispute) for resolution by others.

Fifth, this fee dispute would require this Court to decide whether Pfaff is entitled to quantum meruit (including whether he was discharged for cause or whether he has applied for relief with unclean hands) and, if so, whether the time and services rendered should be compensated.  The Court may also have to determine whether the time expended and services rendered are reasonable, if applying by analogy the attorney fee award standards from civil rights cases or discovery or other pretrial sanctions, see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111, 117 (2d Cir. 2007), as amended on other grounds, 522 F.3d 182 (2d Cir. 2007);  see, e.g., Carovski v. Jordan, No. 06CV716S(Sc), Docket No. 52,

2008 U.S. Dist. LEXIS 61975, at *4-5 (W.D.N.Y. Aug. 12, 2008) (Scott, Mag. J.); <u>Disabled</u>

<u>Patriots of Am., Inc. v. Niagara Group Hotels, LLC</u>, No. 07CV284, Docket No. 43, 2008 U.S.

Dist. LEXIS 33780, at *3-5 (W.D.N.Y. Apr. 24, 2008) (Scott, Mag. J.); <u>Johnson v. the Bon-Ton</u>

<u>Stores</u>, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17,

2006) (Scott, Mag. J.), and whether the hourly rate cited for this work is reasonable.  Even this

last standard may be incorrect; the quantum meruit rate may not be a reasonable one for this legal

community or the rate cited in the retainer agreement had plaintiff agreed to pursue an hourly

arrangement (but for plaintiff's rejection in favor of a contingent fee arrangement) or Pfaff's

stated going rate for work in similar cases.  In <u>Universal Acupuncture Pain Servs., P.C. v.</u>

<u>Quadrino & Schwartz, P.C.</u>, 370 F.3d 259, 264, 265 (2d Cir. 2004), the Second Circuit applied

New York law and held that the rate for quantum meruit for a discharged counsel's services is

evaluated on the results achieved prior to his discharge, the contingent nature of the

representation, and the client's actual chance of success at the time of discharge.  This differs

from what a reasonably hourly rate in this District should be or Pfaff's going rate.  Since this

question is a matter of state substantive law (be it New York or Florida), the state court (or like

body) is in a better position to apply state law to resolve this dispute.

Extraordinary circumstances therefore exist that this Court **should decline to exercise**

supplemental jurisdiction over this fee dispute.

While plaintiff has been denied a hearing before the Bar Association of Erie County due

to its internal jurisdictional restrictions, Pfaff and plaintiff are not without venues to resolve this

dispute.  In addition to New York State courts possibly having jurisdiction over this fee dispute,

the Bar Association's program may reach this dispute upon the recommended finding above that

this Court lacks the jurisdiction to fix fees in this instance (<u>but cf.</u> Docket No. 128, Pfaff Reply

Aff., Ex., Bar Association of Erie County fee resolution tribunal rules, Section 4,

"Jurisdiction"[7]), although it may still decline to accept jurisdiction due to plaintiff's allegations

of professional malpractice.  Further, declining jurisdiction over this fee dispute will not delay

plaintiff's underlying action against defendants reaching its ultimate conclusion.

II.      Plaintiff's Motion to Dismiss and for Extension of Time

On plaintiff's motion to dismiss or for enlargement of time (Docket No. 118), that motion

was based upon the then-pending proceeding before the Bar Association (<u>id.</u>, Pl. Affirm. ¶¶ 3, 4,

8-12, 14).  Since that proceeding was dismissed (Docket No. 120, Pfaff Aff. ¶ 3, Ex.), this initial

ground for dismissing or denying counsel's motion ceased.  Further, the schedule entered for

briefing Pfaff's motions (Docket No. 123) factored in plaintiff's concerns about her ability to

retain new counsel while this matter is pending (<u>cf.</u> Docket No. 118, Pl. Affirm. ¶¶ 13, 14

(seeking response date around November 28, 2008)).  In particular, plaintiff stated she had to

appear with new counsel by the next status conference of October 17, 2008, and she had

difficulty meeting that deadline while contending with the fee motion and her own ailments (<u>id.</u>

¶ 13).  Plaintiff, in fact, met that deadline by having new counsel in place.  Thus, plaintiff's

motion (Docket No. 118) should be deemed **moot**.

---

[7]"Excluded from tribunal jurisdiction are disputed over which the court has jurisdiction to fix fees; matters involving substantial legal questions, including professional malpractice or misconduct. . . ."  Docket No. 128, Pfaff Reply Aff., Ex., Bar Ass'n of Erie County fee resolution tribunal rules, Sec. 4.

III.    Sealing Pfaff's Motion

Plaintiff sought proceedings going forward be under seal (Docket No. 127, Pl. Aff. ¶¶ 17-23).  While noting that Pfaff failed to file his motion separately or under seal (id. ¶ 19), plaintiff has made no attempt to file her response under seal, see W.D.N.Y. Loc. Civ. R. 5.4 (sealing procedures), 5.2(e) (pro se parties to become familiar with, follow, and comply with Local Rules).  She now does not ask that Pfaff's motions be sealed (cf. id. ¶ 20, noting difficulty of "un-ring[ing] the bell" once the documents have been filed).  This relief should be **denied**.

IV.    Disposition of Plaintiff's Case File

The final issue is the disposition of plaintiff's file.  Since she found new counsel (Docket No. 124), this issue is easily resolved; the file already was ordered transferred to new counsel (see Docket No. 126; see also Docket No. 128, Pfaff Reply Memo. at 1).  Thus, Pfaff's motion (Docket No. 121) ought to be **deemed moot**.

## CONCLUSION

Based upon the above, it is recommended that regarding the motion of Plaintiff's former counsel, E. Peter Pfaff, seeking his attorney's fee and charging lien (Docket No. 115) this Court **should decline to exercise supplemental jurisdiction** under 28 U.S.C. § 1367 and **deny** this motion.  Plaintiff's initial motion to dismiss Pfaff's motion (Docket No. 118) should be **denied as moot**, given subsequent events described above.  Pfaff's second motion for guidance as to disposition of the case file (Docket No. 121) also should be **denied as moot**, given that Pfaff was already ordered to turn over that file to plaintiff's latest counsel (Docket No. 126).  Finally, plaintiff's second motion to dismiss Pfaff's motion or for severance or sealing of that motion (Docket No. 127) should be **granted in part** by declining to exercise supplemental jurisdiction

15

over Pfaff's fee dispute and **denied in part** as to plaintiff's alternative forms of relief sought of

severance, sealing, or extension of time to brief Pfaff's motions.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk**

**of this Court within ten (10) days after receipt of a copy of this Report & Recommendation**

**in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil**

**Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak

v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case

law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale

Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3),

"written objections shall specifically identify the portions of the proposed findings and

16

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       January 12, 2009